IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DRONE TECHNOLOGIES, INC.,

    Plaintiff,                      14cv0111

                                       **ELECTRONICALLY FILED**

            v.

PARROT S.A., PARROT, INC.,

    Defendants.

## MEMORANDUM ORDER RE: DEFENDANTS' EMERGENCY MOTION FOR RELIEF FROM THE COURT'S ORDER DATED JULY 25, 2014, OR IN THE ALTERNATIVE, FOR A STAY PENDING A PETITION FOR WRIT OF MANDAMUS (DOC. NO. 74)

Presently before this Court is Defendants' Emergency Motion for Relief from the Court's Order Dated July 25, 2014, or in the Alternative, for a Stay Pending a Petition for Writ of Mandamus. Doc. No. 74. Defendants' present Motion is the <u>fifth</u> motion related to Defendants' production of documents:

- Plaintiff's Motion to Compel Initial Disclosure Documents (Doc. No. 41);
- Granted by this Court on July 1, 2014: Defendants ordered to comply on or before July 9, 2014 (Doc. No. 48);
- Defendants' Emergency Motion for Reconsideration of this Court's July 1, 2014 Order (Doc. No. 51);
- Denied by this Court on July 8, 2014 (07/08/2014 Text Order);
- Plaintiff's July 22, 2014 Motion to Compel Defendants to Obey this Court's July 1, 2014 Order (Doc. No. 61);
- Granted in part and denied in part by this Court on July 25, 2014: Defendants given until August 13, 2014 to comply with the July 1, 2014 Order (Doc. No. 63);
- Defendants' Emergency Motion to Modify the Protective Order (Doc. No. 64);
- Denied by this Court (Doc. No. 70);

- Defendants' current Emergency Motion for Relief from the Court's Order Dated July 25, 2014, or in the Alternative, for a Stay Pending a Petition for Writ of Mandamus (Doc. No. 74): filed on August 13, 2014 at 9:01PM - - after the close of regular business hours on the day of the required compliance.

The Parties fundamentally disagree as to both the substantive and procedural discovery obligations at issue. The Court has given the Parties ample opportunity to brief their positions. After extensive review of the record, the Local Patent Rules, and applicable case law, the Court ordered that Defendants must provide "all source code, specifications, schematics, flow charts, and other technical documentation relating to the operation of the accused products (Parrot's AR.Drone, AR.Drone 2.0, MiniDrone, and Bebop Drone) and any associated remote-controlled software applications, including all versions and drafts of Defendants' FreeFlight software app." Doc. No. 48.

Dissatisfied with this Court's ruling, Defendants have repeatedly moved this Court to modify its ruling, arguing that complying with the Order on Motion to Compel would be unduly burdensome (Doc. No. 52, 2) and would expose Defendants to the risk of inadvertent disclosure of confidential information (Doc. No. 52, 3). The Court denied each of Defendants' motions to reconsider its ruling. Doc. No. 48 and 07/08/2014 Text Order. After these rulings, it appeared that Defendants had conceded their position and would comply with their discovery obligations. In response to Plaintiff's Motion to Order Defendants to Comply with the July 1, 2014 Order, Defendants stated that they "ha[ve] produced, or [will] producing imminently, all of the documents necessary to comply with the Court's July 1 Order and more." Doc. No. 62, 1. That has not proved to be true.

Although Defendants are now admittedly "able to comply" with their production obligations, they refuse to do so, and instead, on the very date they were required to fully comply with this Court's Orders, they have filed another motion to impede discovery. See Doc. No. 75, 1 ("Although Parrot is able to comply with the Court's July 25 Order in large part to the extent that Parrot has produced nearly 80,000 documents (nearly 1 million pages) and is in the process of producing an additional 500GB of data relating to the Accused Products, Parrot seeks to be excused from complying with the Court's July 25 Order in its entirety.").

Defendants again, for at least the fourth time, contend that compliance would expose them to the risk of dissemination of confidential information, including documents and source code related to products that are not commercially available.[1] Doc. No. 75. Defendants' Project Manager declares, in an attached Affidavit, that unauthorized disclosure "could cause substantial economic harm." Doc. No. 75-1, ¶ 8. The Court is sensitive to Defendants' desire to protect confidential information. However, as previously stated, Defendants have not demonstrated that there is anything unique about this case to necessitate a modification of the current Protective Order and the Court "believes that the Protective Order in place adequately protects Defendants' business interests." Doc. No. 70, 2. Defendants have consistently sought to limit their discovery obligations and to force Plaintiff's counsel to review documents on Defendants' own terms. Defendants' proposed changes to the existing procedure would place additional burdens on

---

[1] Defendants have set forth their purported confidentiality concerns in previous filings, all of which have been addressed by this Court. See Doc. No. 52: Defendants' Emergency Motion to Clarify/Reconsider the Court's July 1, 2014 Order; Doc. No. 62: Defendants' Opposition to Plaintiff's Motion to Compel Defendants to Obey this Court's July 1, 2014 Order; and Doc. No. 64: Defendants' Emergency Motion to Modify the Protective Order. The Court has rejected each of these arguments in turn, in light of the protections set forth in the existing Protective Order in this case. Doc. Nos. 07/08/2014 Text Order; Doc. No. 63; and Doc. No. 70.

Plaintiff and its counsel and may permit Defendants to have a window into Plaintiff's discovery and trial strategies. The existing Protective Order protects the Parties' interests without undue burdens and increased costs. Therefore, Defendants' Motion for Relief from the Court's Order Dated July 25, 2014 (Doc. No. 74), will be denied.

Alternatively, Defendants move this Court to stay the litigation pending the resolution of an application for a writ of mandamus from the United States Court of Appeals for the Federal Circuit, which Defendants intend to file "in view of the importance of these issues to the just and fair prosecution of this lawsuit." Doc. No. 75, 6. As noted, there is nothing in Defendants' pending motion that warrants relief from this Court's Orders. Further, the Court does not believe that a mandamus would promote the "just and fair prosecution" of Plaintiff's claims. Rather, it would further delay the resolution of the claims between the Parties, which may be Defendants' intended result. Plaintiff opposes any stay because of increased costs associated with such a stay and because it "intends to continue to vigorously prosecute this case." Doc. No. 76, 2.

The Parties have been at loggerheads over initial disclosures since at least early July 2014. Defendants' position is based on speculation of what *may* occur *if* Plaintiff (by all accounts a company which consists of two individuals) inadvertently disclose documents. As previously noted, Defendants' Motions "appear[] to be based upon Defense Counsel's belief that Plaintiff's counsel are incapable of completing routine discovery or conducting themselves in accordance with the confidentiality and other provisions designed to protect both parties during the process." Doc. No. 70. Unsupported conjecture is not a reason to excuse Defendants from the Local Patent Rules, which have been formulated by experienced patent attorneys and judges who sit on the Local Patent Rules Advisory Committee and which the Parties and counsel are bound to follow. These Local Patent Rules have been employed by this Court in each patent

case it has presided over and serve to protect confidential information.[2] This case should be no different.

The Court endeavors to provide all Parties with the "just, speedy, and inexpensive determination" of the claims. Fed. R. Civ. P. 1. Relieving Defendants from their discovery obligations or staying this case would not comport with the just, speedy, and inexpensive resolution of the dispute, but would serve to delay this matter and increase litigation costs to all Parties. Therefore, the following Order is entered:

AND NOW, this 14th day of August, 2014, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion for Relief from the Court's Order Dated July 25, 2014 (contained in Doc. No. 74) is **DENIED**; and

2. Defendants' Motion for a Stay Pending a Petition for Writ of Mandamus (contained in Doc. No. 74) is **DENIED**.

> s/ Arthur J. Schwab
> Arthur J. Schwab
> United States District Judge

cc: All Registered ECF Counsel and Parties

---

[2] The United States District Court for the Western District of Pennsylvania was selected to be part of the national Patent Pilot Program. The Local Patent Rules are employed by this Court as well as the other Designated Patent Judges of this District.