IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DRONE TECHNOLOGIES, INC.,

    Plaintiff,

v.

PARROT S.A., PARROT, INC.,

    Defendants.

14cv0111
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER DEFENDANTS' MOTION TO STAY PENDING APPEAL OR IN THE ALTERNATIVE TO STAY PENDING INTER PARTES REVIEW (DOC. NO. 112)[1]

### I. Introduction

The Court has written extensively on this patent infringement case and therefore, will not recount the full procedural posture of this case. See Doc. No. 106 for a complete discussion of the procedural posture to date, summarizing Defendants' relentless efforts to thwart the "just, speedy, and inexpensive determination" of this action. However, it is necessary to note the following:

Plaintiff filed a Complaint against Defendants in January 2014. Doc. No. 1. On May 6, 2014, Defendants filed two petitions in the United States Patent and Trademark Office seeking *Inter Partes* review of the patents that Defendants allegedly infringed. Defendants filed a Motion to Stay Pending *Inter Partes* Review (or to alternatively transfer venue to the United States District Court for the Eastern District of Michigan) contemporaneously with its Answer.

---

[1] This Motion is Defendants' third motion to stay these proceedings. See Doc. No. 17: Motion to Stay Pending *Inter Partes* Review, and Doc. No. 74: Motion for Relief from the Court's Order Dated July 25, 2014, or, in the Alternative, for a Stay Pending a Petition for Writ of Mandamus.

Doc. Nos. 16-17. The Court denied Defendants' Motion to Stay Pending *Inter Partes* Review and to Transfer. Doc. No. 29.

The Parties have been at loggerheads over Defendants' Court-Ordered discovery obligations since June 2014. Doc. No. 41. Defendants have repeatedly refused to comply with the Court's Orders to provide complete initial disclosures. Doc. Nos. 51, 61, 74. Plaintiff filed a Motion for Order to Show Cause Why Defendants Should Not be Held in Contempt on August 18, 2014. Doc. No. 78. On September 24, 2014, Defendants filed two petitions for writ of mandamus in the United States Court of Appeals for the Federal Circuit. *In re: Parrot S.A.*, 14-156, 14-157. Defendants contend that Writs of Mandamus should issue because: (1) this Court exceeded its authority by compelling Defendants to produce confidential source code without a showing of relevance and without adequate protections; and (2) this Court abused its discretion by refusing to grant Defendants' Motion to Transfer this case to the United States District Court for the Eastern District of Michigan. Id. This appeal remains pending.

The Court held an evidentiary hearing on Plaintiff's Motion to Show Cause Why Defendants Should Not be Held in Contempt on October 23, 2014. Doc. No. 99.

On October 28, 2014, the United States Patent and Trademark Office Patent Trials and Appeals Board issued institutional decisions in both *Inter Partes* review proceedings. The Board ordered the institution of *Inter Partes* review as to all claims in both patents based on obviousness or anticipation over prior art. IPR2014-00730, Paper No. 8, 2; IPR2014-0732, Paper No. 8, 2.

On November 3, 2014, the Court issued a Memorandum Opinion and Order in which the Court set forth that it was compelled to strike Defendants' counterclaims and enter default judgment against Defendants for infringement of the relevant patents based upon review of the

six (6) factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). Doc. Nos. 106-107. Defendants filed an appeal of this Order and seven (7) other underlying Orders to the United States Court of Appeals for the Federal Circuit. *Drone Technologies, Inc. v. Parrot S.A.*, 15-1138.[2] This appeal remains pending.

Following the entry of default judgment as to liability, the Court ordered the Parties to meet and confer and to file a Proposed Case Management Order as to any remaining issues. 11/03/2014 Text Order. The Parties were unable to reach agreement and have filed separate Proposed Case Management Orders. Doc. Nos. 111, 114.[3]

Presently before this Court is Defendants' Motion to Stay Pending Appeal or, in the Alternative, to Stay Pending *Inter Partes* Review. Doc. No. 112. Defendants move this Court to stay this matter pending the outcome of their appeal to the United States Court of Appeals for the Federal Circuit. Id. Defendants alternatively move this Court to stay the case pending the outcome of the *Inter Partes* Review of the patents at issue at the United States Patent and Trademark Office. Id. Plaintiff opposes this Motion in its entirety. Doc. No. 123.

**II.     Standard of Review**

The Parties agree that this Court has the power to stay this proceeding pending appeal. The following four factors guide a Court's determination of whether a stay is appropriate:

---

[2] Defendants have appealed the following seven (7) Orders: Doc. No. 29: Order on Motion to Transfer, Order on Motion for Reconsideration; Doc. No. 77: Order on Motion [for] Relief from the Court's Order Dated July 25, 2014, Order on Motion to Compel; Doc. No. 81: Order on Motion to Compel; Doc. No. 70: Order on Motion to Modify, Order on Motion to Bifurcate; Doc. No. 63: Order on Motion to Compel; Doc. No. 107: Order on Motion for Leave to File. Doc. No. 48: Order on Motion to Compel.

[3] The Court notes that Plaintiff has offered to withdraw its claim for willful infringement so that the case may proceed solely as to damages. Doc. No. 111, 2. Defendants' Proposed Case Management Order, which was filed after Plaintiff's Proposed Case Management Order, included dates for both damages and willfulness. Doc. No. 114, ¶¶ (1)-(2).

(1) Whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) Whether the applicant will be irreparably injured absent a stay;

(3) Whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) Where the public interest lies.

*Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511, 512 (Fed. Cir. 1990).

District Courts may also stay an action pending *Inter Partes* Review at the United States Patent and Trademark Office. As set forth by Defendants, District Courts have considered the following in determining whether to stay patent litigation pending Patent Office proceedings:

(1) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party;

(2) whether a stay will simplify the issues; and

(3) whether discovery is complete and whether a trial date has been set

*In re Laughlin*, 265 F. Supp.2d 525, 530 (W.D. Pa. 2003).

### III. Discussion

*A. Defendants Have Not Demonstrated a Strong Showing of a Likelihood of Success*

On July 1, 2014, the Court ordered Defendants to produce the following:

> [A]ll source code, specifications, schematics, flow charts, or other technical documentation relating to the operation of the accused products (Parrot's AR.Drone, AR.Drone 2.0, MiniDrone, and Bebop Drone) and any associated remote-controller software applications, including all versions and drafts of Defendants' FreeFlight software app on or before July 9, 2014.

Doc. No. 48. As set forth in the Court's Memorandum Opinion on Plaintiff's Motion for Order to Show Cause Why Defendants Should Not be Held in Contempt, Defendants have advanced

4

numerous arguments in an attempt to skirt their obligation to produce this material. Doc. No. 106. The Court rejected each of these arguments and found that Defendants have not complied with this Court's Discovery Orders. Defendants have appealed these Orders to the United States Court of Appeals for the Federal Circuit through a Petition for Writ of Mandamus and a direct appeal. Defendants contend that these appeals are likely to succeed. Nothing has occurred since the Court entered its Order on July 1, 2014, which would excuse Defendants from their obligation to produce these materials. Defendants contend that their appeals will be successful because this Court has misapplied and misconstrued the relevant facts and law and has abused its discretion in entering default judgment. The Court has rejected Defendants' arguments as to why they should not have to comply with Orders of Court or why they should be deemed to have complied. Defendants present many of these same arguments to the United States Court of Appeals for the Federal Circuit. This is insufficient to demonstrate that there is a "strong showing that [they are] likely to succeed on the merits."

Defendants alternatively move this Court to stay this litigation pending *Inter Partes* Review at the Patent Office. Defendants contend that "it is a matter of time" before Plaintiff's patents are determined to be invalid. The Court finds that this statement is unsupported because Plaintiff has viable arguments to present to the Patent Office. The result of the *Inter Partes* review is undeterminable, not inevitable.

> B. *Defendants Will Not Be Irreparably Injured if the Court Does Not Stay this Case*

Defendants argue that they will suffer irreparable harm if these proceedings continue because the Parties and Court "will waste resources that can never be recovered." Defendants also express concern about their ability to recover fees and costs from an "undercapitalized" foreign company. This situation is one of Defendants' own making. Defendants have repeatedly

and unsuccessfully sought to evade their obligations in this action. To the extent that parallel proceedings now tax the litigants in terms of funds and resources, Defendants created this situation by instituting proceedings in the Patent Office. Defendants' self-created parallel proceedings do not demonstrate that Defendant will be irreparably injured by continued proceedings in this first-filed action.

Defendants also contend that they will be harmed if a stay is not issued because they will be forced to determine whether to rely on opinion of counsel if the case proceeds as to willfulness. Doc. No. 113, 11. The Court notes that Plaintiff has offered to withdraw its willfulness charge "rather than wasting more precious judicial resources, and in an effort to bring this action to a just, speedy, and inexpensive determination . . . ." Doc. No. 111, 2. It appears that Defendants have rejected this offer. Id. Defendants' refusal to proceed solely as to damages undercuts their argument that they want to conserve funds and resources.

Defendants will not be irreparably injured if the Court does not issue a stay because this Court is a proper forum to resolve these disputes. This litigation allows Defendants to advance arguments and to present defenses. Therefore, Defendants' rights will be preserved for any appeal. As such, the Court finds that Defendants have not demonstrated that they will be irreparably injured if the Court does not stay this action.

### C. The Issuance of a Stay will Substantially Injure Plaintiff and Will Not Simply the Issues

Defendants contend that Plaintiff will not be injured if a stay were to issue because an award of prejudgment interest would "fully compensate Plaintiff for any delay." Doc. No. 113. Plaintiff has a right to a final determination of its claims in a timely matter. Money would not fully compensate Plaintiff for the delay to resolution of the matter due to Defendants' dilatory actions or a stay because a delay in justice is not quantifiable. Further, a stay in this matter may

unfairly advantage Defendants and prejudice Plaintiffs. This is not a risk that the Court is willing to take.

The Court was constrained to enter default judgment against Defendants because of their flagrant failure to permit this case to proceed through discovery. The sole remaining issues are damages and willfulness. Granting a stay will not simplify these issues. Defendants contend that determination of damages and willfulness is "unnecessary." As previously noted, Plaintiff has offered to withdraw its willfulness claim in an effort to simplify the remaining issues. Doc. No. 111, 2. A determination of willfulness will be "unnecessary" if Defendants accept Plaintiff's offer to withdraw its willfulness claim. It appears that Defendants refuse to agree to proceed solely on damages, perhaps to bolster its arguments in support of their motion to stay. A stay of this litigation would not simply the remaining issues and therefore, this factor weighs against a stay.

### D. Public Interest Disfavors a Stay because a Stay Would Provide a Clear Tactical Advantage for Defendants

The public interest strongly disfavors a stay of this matter. Plaintiff has chosen to file suit against Defendants in this Court and public interest favors the "just, speedy, and inexpensive determination" of the Parties' dispute. Fed.R.Civ.P. 1. Defendants have moved this Court to stay this proceeding on two other occasions and have filed numerous motions to inhibit the progress of this case when those motions have been denied. Doc. Nos. 17, 74. Defendants' obstructionist behavior has stymied any substantive determinations. Substantial time, effort, and money has been expended by Plaintiff and the Court on unnecessary and duplicative motions practice. Defendants' obstructionist behavior as set forth in this case's unprecedented procedural posture is not in the best interest of the public or these Parties.

The public interest is best served by disposition of this case in this forum because granting a stay would incentive future litigants to inhibit proceedings in a United States District Court until proceedings in another Court or before an administrative agency proved to be more advantageous to the litigant. In such a case, litigants could then effectively chose their forum and gain unfair tactical advantages. Granting Defendants' Motion to Stay pending proceedings before either the United States Court of Appeals for the Federal Circuit or the United States Patent and Trademark Office would inhibit this litigation and be against the public interest.

This Court is intimately familiar with the procedural progress of this case. Despite Defendants' contention that the "early" stage of this case favors a stay, the Court has been heavily involved in proceedings and is prepared to provide a schedule to finalize the remaining issues. The Court will enter a Pre-Trial Order as to damages, this same day, scheduling a trial on damages to begin on April 27, 2014. The Pre-Trial Order and related Case Management Order will provide a schedule that will allow the Parties to obtain a determination of their remaining claims. Therefore, this factor disfavors a stay.

**IV.  Conclusion/Order**

A review of the relevant factors and the procedural history of this case necessitates that Defendants' latest attempt to delay and inhibit this litigation be denied. Therefore, the following Order is entered:

AND NOW, this 19th day of November, 2014, IT IS HEREBY ORDERED THAT Defendants' Motion to Stay Pending Appeal or in the Alternative to Stay Pending *Inter Partes* Review (Doc. No. 112) is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties