# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DRONE TECHNOLOGIES, INC., | Civil Action No. 2:14-cv-00111 |
| Plaintiff, | |
| | Judge Arthur J. Schwab |
| vs. | |
| PARROT S.A. and PARROT, INC. | ELECTRONICALLY FILED |
| Defendants. | |

## ORDER OF COURT RE: PLAINTIFF'S THIRD MOTION TO COMPEL DAMAGES DISCOVERY (DOC. NO. 158)

Presently before this Court is Plaintiff's Third Motion to Compel Damages Discovery. Doc. No. 158. The matter has been fully briefed and is ripe for disposition. After consideration of the Court's prior relevant Orders, Plaintiff's Motion (Doc. No. 158), and Defendants' Opposition (Doc. No. 161), the following Order is entered:

AND NOW, this 2nd day of February, 2015, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Third Motion to Compel Damages Discovery (Doc. No. 158) is **GRANTED IN PART**;

2. Defendants shall produce all Return Merchandise Authorization ("RMA") forms on or before February 4, 2015;

3. Defendants shall produce James Foley for deposition, at the office of counsel for Plaintiff, in Pittsburgh, on or before February 6, 2015, at 9:00AM, unless another date/time is agreed to by the Parties;

4. Defendants and their expert(s) are precluded from using information to support Defendants' damages analysis, or to use information to contest Plaintiff's damages analysis, to the extent that said evidence was (i) sought by Plaintiff, through either written discovery or deposition; and (ii) not produced by Defendants on or before February 4, 2015, at NOON;

5. Defendants are precluded from using any document of Defendants, during the damages trial, that has not been produced to Plaintiff on or before February 4, 2015, at NOON;

6. Defendants may not object to Plaintiff's expert report(s) or testimony by Plaintiff's expert(s) on damages based upon any alleged deficiency, which resulted from the Defendants' failure to comply with the Court's Orders on discovery of January 15, 2015;

7. The Court is presently unable to determine whether Defendants have waived attorney-client privilege and/or whether Defendants have properly asserted attorney-client privilege on the logs attached to their Response to Plaintiff's Motion (Doc. No. 161, Attachments 2, 3, 4, and 5) without reviewing the actual documents. Therefore, Counsel for Defendants shall hand-deliver the documents referenced in said attachments to the Court, in manageable binders, on or before 3:30PM on February 3, 2015. The claimed privileged matters in each document shall be highlighted; and

8. Defendants' request for a hearing "so that it may present additional evidence to this Court to demonstrate both Parrot's compliance and good-faith efforts to comply with the Court's Orders" (Doc. No. 161, 1) is **DENIED**. The Parties' written submissions adequately allowed for each Party to set forth their position, without the need for a hearing. The Court is confident that all relevant facts are set forth in the Party's filings and a hearing would unnecessarily expend the resources of the Court and the Parties. Defendants' request to extend the remaining dates in the Case Management Order (Doc. No. 126) and, by implication, the Pretrial Order Re: Damages (Doc. No. 127), is **DENIED**. To grant the same would delay proceedings and would reward Defendants for their failure to comply with this Court's Orders.

                                          s/ Arthur J. Schwab
                                          Arthur J. Schwab
                                          United States District Judge

cc:     All Registered ECF Counsel and Parties