IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DRONE TECHNOLOGIES, INC., | ) | Civil Action No. 2:14-cv-00111 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Arthur J. Schwab |
| vs. | ) | |
| | ) | |
| PARROT S.A. and | ) | |
| PARROT, INC. | ) | ELECTRONICALLY FILED |
| | ) | |
| Defendants. | ) | |

**ORDER OF COURT RE: DEFENDANTS' OBJECTIONS TO THE COURT'S FEBRUARY 2, 2015 ORDER REQUIRING DEFENDANTS TO PRODUCE DOCUMENTS FOR *IN CAMERA* REVIEW; AND NOTICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 53(B)(1) OF INTENTION TO APPOINT A SPECIAL MASTER RE: *IN CAMERA* REVIEW OF ATTORNEY-CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DISPUTE**

**A. Background**

The proceedings in this "exceptional" case have been fraught with disagreements over the most basic discovery matters. See Doc. No. 106. On November 3, 2014, the Court entered default judgment as to liability against Defendants and struck their Answer and Counterclaims because of Defendants' "persistent refusal" to comply with this Court's Orders and "defiance of their Court-ordered discovery obligations" for over four months. Doc. No. 106, 13.

On November 19, 2014, the Court set the jury trial on damages only, to commence on April 27, 2015, and entered a Case Management Order and Pretrial Order, which provided deadlines for pretrial processes, including discovery, which is scheduled to be completed by February 20, 2015. Doc. Nos. 126, ¶ 2 and 127.

Plaintiff has moved this Court on three occasions to compel Defendants to comply with their discovery obligations as to damages:

- Motion to Compel Damages Discovery (Doc. No. 138)-December 5, 2014[1];
- Second Motion to Compel Damages Discovery (Doc. No. 150)-January 12, 2015; and
- Third Motion to Compel Damages Discovery (Doc. No. 158)-January 29, 2015[2]

### B. Current Discovery Dispute

Presently, the Parties are at loggerheads over whether: (i) Defendants have waived any privilege by allegedly failing to produce privilege logs in a timely manner and (ii) whether Defendants have improperly withheld documents based upon purported attorney-client privilege and alleged attorney work product ("privilege"). Doc. Nos. 158, 161, 164. The issue was raised by Plaintiff in its Third Motion to Compel Damages Discovery. Doc. No. 158. In this Motion, Plaintiff set forth that Defendants had allegedly not timely produced complete privilege logs in contravention of the Federal Rules of Civil Procedure and this Court's Orders and have "broadly assert[ed] privilege to conceal communications with third parties . . . ." Doc. No. 158, 3-4. Defendants' privilege logs were attached to Defendants' Response to Plaintiff's Third Motion to Compel, dated January 29, 2015. Doc. No. 161, Attachments 2-5.

### C. Initial Protocol to Analyze Privilege Assertions

The Court was unable to ascertain whether privilege had been improperly asserted, as claimed by Plaintiff, and as such, on February 2, 2015, the Court ordered Defendants to provide

---

[1] Defendants filed a Motion to Compel Plaintiff's Damages Information on December 5, 2014. Doc. No. 139. As a result, the Court ordered the Parties to file a Joint Status as to Plaintiff's compliance with discovery obligations. 02/02/2015 Text Order. The Joint Status Report has been filed and evidences that the Parties continue to fundamentally disagree whether Plaintiff has complied with discovery obligations. Doc. No. 166. The Court has ordered that Defendant may file a supplement motion to compel on or before February 6, 2015, at NOON. 02/02/2015 Text Order. Plaintiff shall file a response to any supplemental motion on or before February 10, 2015. Id. At that time, the matter will be ripe for disposition.

[2] Discovery disputes between the Parties have caused this Court to extend deadlines for the Parties' Expert Reports by 11 days. 1/30/2015 Text Order. Plaintiff's damages expert reports are now due to be filed on or before February 13, 2015; Defendants' expert report by February 23, 2015; damages depositions shall be completed by March 3, 2015. Id. As ordered, all other dates in the Case Management Order and Pretrial Order remain in effect. Id.

the Court with the documents set forth in privilege logs. The Court further ordered that portions of the documents, which Defendants contend contain privileged matters, be highlighted. Doc. No. 164. Defendants have provided these documents to the Court, in five (5) binders, with an accompanying cover letter. In this cover letter, Defendants set forth that their review of documents for *in camera* inspection revealed that 44 previously documents may not include privileged information and would be provided to Plaintiff that afternoon.

On February 3, 2015, fifteen minutes prior to the 3:30PM deadline to deliver the highlighted documents, Defendants filed Objections to the Court's Order on Plaintiff's Third Motion to Compel. Doc. No. 165. Defendants contend that *in camera* review of the provided documents was not appropriate because Plaintiff allegedly did not object to the appropriateness of withholding the documents. Id. Rather, Defendants argue that Plaintiff's sole objection is the alleged untimeliness of their production of privilege logs. Id. Thus, the Court ordered that Plaintiff file a Response to Defendants' Objections to allow Plaintiff to specify the grounds for any objection as to Defendants' privilege logs and assertion of privilege. 02/04/15 Text Order.

In their Response, Plaintiffs set forth that Defendants have allegedly:

- failed to timely preserve any objection based on privilege;
- improperly shielded documents through assertions of privilege;
- not logged or produced so-called "phantom documents;
- never produced redacted copies of documents for which they have claimed privilege; and
- benefited by inhibiting Plaintiff from properly preparing for the damages trial

3

Doc. No. 170. As to the propriety of Defendants' assertions of privilege, Plaintiff specified that "it [is] clear that Defendants improperly asserted privilege for communications with third parties." Doc. No. 167. In their Reply, Defendants contend that these five grounds are without merit, but do not contend that these grounds were not raised by Plaintiff. Doc. No. 170.

Unfortunately, as many times before, the Court is confronted with allegations of Defendants' abuse of fundamental protections, such as privilege, in an alleged effort by Defendants to impede the just, speedy, and inexpensive determination of this matter, in contravention of the Federal Rules of Civil Procedure. The Court finds that the issues implicated by the most current discovery dispute include more than just the timeliness of Defendants' production of privilege logs. Plaintiff, through briefing, has preserved both the issue of the propriety of privilege designations and the timeliness of production of privilege logs and has demonstrated to the Court that *in camera* review may reveal improper use of privilege by Defendants. This finding is based, in part, upon the extraordinary procedural posture to date and Defendants' repeated failure to comply with the most basic discovery obligations.

### D. Legal Framework

The Court notes that attorney-client privilege and the work-product doctrine serve distinct, but important purposes. Attorney-client privilege works to "encourage full and frank communication between attorneys and their clients and thereby promote . . . the observance of law and administration of justice." *U.S. v. Trenk*, 385 Fed.Appx. 254, 257 (3d Cir. 2010), *citing U.S. v. Zolin*, 491 U.S. 554, 562 (1989). The work-product doctrine "promotes the adversary system directly by protecting the confidentiality of papers prepared by or on behalf of attorneys in anticipation of litigation. Protecting attorneys' work product promotes the adversary system by enabling attorneys to prepare cases without dear that their work product will be used against

4

their clients." *In re Chevron Corp.*, 633 F.3d 153, 164 (3d Cir. 2011), *citing Westinghouse Elec. Corp. v. Republic of the Phil.*, 951 F.2d 1414, 1428 (3d Cir. 1991).

### E. Protocol for *In Camera* Review and Appointment of Special Master

To the extent that Defendants object to the *in camera* review being conducted by this Court, the Court hereby notifies the Parties of its intention to appoint David White, Esq. of Burns White as a Special Master, pursuant to Federal Rule of Civil Procedure 53(a)(C). Appointment of a Special Master will eliminate any concern that Defendants may have about this Court both reviewing potentially privileged information and presiding over the upcoming jury on damages, which is scheduled to begin on April 27, 2015, and will allow the Court to allocate limited judicial resources to other pressing matters, including the almost daily motions practice in this case.[3] The Special Master will be able to intensively conduct review and analysis of the Parties' diametrically opposed positions on their compliance with discovery obligations. Doc. Nos. 137, 158. As such, both the Parties and the Court will benefit from the neutral review of Mr. White, who has extensive experience with litigation and mediation.[4] The Court has not and will continue not to conduct any review any of the documents provided by Defendants and will provide these materials to the Special Master upon his appointment.

Therefore, the following Order is entered:

---

[3] The Court also finds that it would not be appropriate to have a fellow member of this District Court assist in this matter, in light of the limited resources of this judiciary, which currently is operating with three (3) judicial vacancies.

[4] The Court has chosen Mr. White, a highly respected Pittsburgh trial attorney, in light of his expertise in these matters and his successful mediation in other cases, as well as his status as both a Court-appointed ADR Neutral and Special Master re: E-Discovery issues.

AND NOW, this 5th day of February, 2015, IT IS HEREBY ORDERED THAT:

(1) Defendants' Objections to the February 2, 2015 Order Requiring Production of Documents for *In Camera* Review (Doc. No. 165) are **DENIED**;

(2) The Parties shall file any objections to this Notice on or before February 6, 2015, at NOON. Any objections shall be limited to appointment of a special master, not the propriety of *in camera* review;

(3) Defendants shall produce redacted copies of documents withheld based upon any privilege on or before February 6, 2015, at 4:00PM (if not already done so); and

(4) On or before 1:00PM on February 6, 2015, Mr. White shall file an affidavit disclosing "whether there is any ground for disqualification under 28 U.S.C. § 455." Fed.R.Civ.P. 53(b)(3).

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Mr. David White (via email)
Burns White
dbwhite@burnswhite.com