IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DRONE TECHNOLOGIES, INC., ) | Civil Action No. 2:14-cv-00111 |
| Plaintiff, ) | |
| ) | Judge Arthur J. Schwab |
| vs. ) | |
| PARROT S.A. and ) | |
| PARROT, INC. ) | ELECTRONICALLY FILED |
| Defendants. ) | |

**DEFENDANTS PARROT S.A. AND PARROT, INC.'S
MOTION FOR LEAVE TO FILE AFFIRMATIVE DEFENSE TO PLAINTIFF'S
DAMAGES CLAIMS AND REQUEST FOR EQUITABLE RELIEF BASED UPON
UNCLEAN HANDS**

Defendants Parrot S.A. and Parrot, Inc. (collectively, "Defendants" or "Parrot"), pursuant to Federal Rule of Civil Procedure 15(a)(2), file this Motion for Leave to File Affirmative Defense to Plaintiff's Damages Claims and Request for Equitable Relief Based Upon Unclean Hands, averring as follows:

**Background**

1. On November 3, 2014, the Court entered an Order striking Parrot's Answer and Counterclaims and entering a default judgment against Parrot as to liability. (Doc. No. 107).

2. The Court entered a "Case Management Order Re: Damages" on November 19, 2014. (Doc. No. 126).

3. On February 5, 2015, Parrot filed a Motion to Dismiss for Lack of Standing (doc No. 172) and Memorandum in Support (Doc. No. 173).

4.	As explained in Parrot's Motion to Dismiss and Memorandum, Plaintiff lacks standing to sue because it is not the sole owner of the Patents-in-Suit and/or has not joined all co-owners in this litigation.

5.	More specifically, both of the Patents-in-Suit identify Yu-Tuan ("Diane") Lee as the sole inventor and original assignee.

6.	Ms. Lee's husband, Bruce Ding, is the actual inventor of the invention claims in the Patents-in-Suit.

7.	Further, based upon Taiwanese law and the contractual agreement between Mr. Ding and his former employer, Mr. Ding's former employer is at least the co-owner of the Patents-in-Suit.

8.	Mr. Ding perpetrated a fraudulent scheme to deprive his former employer of numerous patented inventions conceived by Mr. Ding, including the Patents-in-Suit, by identifying Ms. Lee as sole inventor instead of himself.

9.	Parrot maintains that as a result of the conduct of Ms. Lee and Mr. Ding, Plaintiff is barred from claiming damages relating to the Patents-in-Suit.

**The Doctrine of unclean hands**

10.	"The owner of a patent may be barred from enforcing the patent against an infringer where the owner of the patent acts or acted inequitably, unfairly, or deceitfully towards the infringer or the Court in a way that has immediate and necessary relation to the relief that the patent holder seeks in a lawsuit." *See* Federal Circuit Bar Association Model Patent Jury Instructions, B.5 Equitable Defenses, 5.5 Unclean Hands, *citing* 35 U.S.C. § 282; *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240 (1933) (affirming dismissal of patent holder's complaints for unclean hands from suppressing evidence of prior use in another litigation); *Aptix*

*Corp. v. Quickturn Design Sys., Inc.*, 269 F.3d 1369 (Fed. Cir. 2001) (affirming district court's finding of unclean hands when inventor added new material to signed and dated pages, but vacating judgment of unenforceability because unclean hands do not nullify grant of personal property).

11. The doctrine of unclean hands applies to damages as well as enforceability. "It is now, of course, familiar law that the courts will not aid a patent owner who has misused his patents to recover any of their emoluments accruing during the period of misuse or thereafter until the effects of such misuse have been dissipated, or 'purged' as the conventional saying goes." *US Gypsum Co. v. Nat. Gypsum Co.*, 352 U.S. 457, 465 (1957), *citing Morton Salt Co.* v. *G.S. Suppiger Co.,* 314 U.S. 488 (1942); *B.B. Chemical Co.* v. *Ellis,* 314 U.S. 495 (1942); *Edward Katzinger Co.* v. *Chicago Metallic Mfg. Co.,* 329 U.S. 394 (1947); *MacGregor* v. *Westinghouse Electric & Mfg. Co.,* 329 U.S. 402 (1947); *Mercoid Corp.* v. *Minneapolis Honeywell Regulator Co.,* 320 U.S. 680 (1944).

12. "The concept of misrepresentation as applied to patent infringement cases admits to no fixed parameters and promulgates no specific dogma. At best it is an abbreviated expression of basic equitable maxims inherent in the law of patents; a recognition that a part of the *quid pro quo* for the acquisition of a patent monopoly is an insistence that the circumstances surrounding the application for the patent be 'free from fraud and other inequitable conduct.'" *Monsanto Co. v. Rohm & Haas Co.*, 456 F.2d 592, 597-98 (3d Cir. 1972), *citing Precision Co. v. Automotive Co.*, 324 U.S. 806, 816 (1945).

13. As the Supreme Court stated in *Precision*:

> The guiding doctrine in this case is the equitable maxim that "he who comes into equity must come with clean hands." This maxim is far more than a mere banality. It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he

seeks relief, however improper may have been the behavior of the defendant. That doctrine is rooted in the historical concept of court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith. This presupposes a refusal on its part to be "the abettor of iniquity." Thus while "equity does not demand that its suitors shall have led blameless lives," as to other matters, it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue.

This maxim necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant. It is "not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion." Accordingly one's misconduct need not necessarily have been of such a nature as to be punishable as a crime or as to justify legal proceedings of any character. Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim by the chancellor.

Moreover, where a suit in equity concerns the public interest as well as the private interests of the litigants this doctrine assumes even wider and more significant proportions. For if an equity court properly uses the maxim to withhold its assistance in such a case it not only prevents a wrongdoer from enjoying the fruits of his transgression but averts an injury to the public. The determination of when the maxim should be applied to bar this type of suit thus becomes of vital significance.

. . . The possession and assertion of patent rights are "issues of great moment to the public." A patent by its very nature is affected with a public interest. As recognized by the Constitution, it is a special privilege designed to serve the public purpose of promoting the "Progress of Science and useful Arts." At the same time, a patent is an exception to the general rule against monopolies and to the right to access to a free and open market. The far-reaching social and economic consequences of a patent, therefore, give the public a paramount interest in seeing that patent monopolies spring from backgrounds free from fraud or other inequitable conduct and that such monopolies are kept within their legitimate scope. The facts of this case must accordingly be measured by both public and private standards of equity.

*Precision*, 324 U.S. at 814-816 (citations omitted).

**Legal Standard for Amendment**

14. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962). *See also In re Burlington Coat Factory Sec Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); Grayson *v. Mayview State Hospital*, 293 F.3d 103, 108 (3rc Cir. 2002).

15. The assertion of an affirmative defense to plaintiff's damages claims and request for equitable relief based upon unclean hands will not significantly delay the disposition of the damages issues left in this case and will not prejudice the Plaintiff because the issue of whether or not the doctrine of unclean hands precludes recovery by the Plaintiff can be addressed within the schedule currently governing this case.

16. The assertion of an affirmative defense to plaintiff's damages claims and request for equitable relief based upon unclean hands is not brought in bad faith, and as set forth in Parrot's Motion to Dismiss, is supported by the facts revealed in discovery in this matter.

17. The assertion of an affirmative defense to plaintiff's damages claims and request for equitable relief based upon unclean hands is not brought in a dilatory manner, in that Plaintiff did not provide complete initial disclosures or responses on interrogatories on damages until February 17, after the Court granted Parrot's Motion to Compel. *See* Doc. No. 185.

18. A proposed order is attached.


WHEREFORE, Defendant's respectfully request that this Motion be granted and Defendants be permitted to file an affirmative defense to Plaintiff's Complaint on the basis of unclean hands.

Dated: February 18, 2015          Respectfully submitted,

*/s/ Eric G. Soller*
Eric G. Soller, Esquire
PA I.D. #65560
EGS@Pietragallo.com
Firm I.D. #834
One Oxford Centre, 38th Floor
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 263-1836
Fax: (412) 263-4242

James E. Hopenfeld, (*pro hac vice*)
CA Bar No. 190268
Hopenfeld@oshaliang.com
Tammy J. Terry (*pro hac vice*)
Texas Bar No. 24045660
SDTX No. 562006
Terry@oshaliang.com
Osha Liang LLP
909 Fannin Street, Suite 3500
Houston, TX 770101-1034
Phone: (713) 228-8600
Fax: (713) 228-8778

*Counsel for Defendants*
*Parrot S.A. and Parrot, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

Richard T. Ting, Esquire
John C. Thomas III, Esquire
Charles H. Dougherty, Jr, Esquire
Gene A. Tabachnick, Esquire
Beck & Thomas, P.C.
1575 McFarland Road
Suite 100
Pittsburgh, PA  15216
412-343-9700
Fax:  412-343-5787
Email: rting@beckthomas.com
jthomas@beckthomas.com
cdougherty@beckthomas.com
GTabachnick@beckthomas.com

By:  */s/ Eric G. Soller*
*Counsel for Defendants*