IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DRONE TECHNOLOGIES, INC.,

    Plaintiff,

v.

PARROT S.A., PARROT, INC.,

    Defendants.

14cv0111
**ELECTRONICALLY FILED**

# MEMORANDUM ORDER OF COURT RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. NO. 210)

## I. Introduction

Default judgment has been entered against Defendants as to liability and the amount of damages, if any, is the sole remaining issue for the jury in the upcoming damages trial. See Doc. Nos. 107, 126, 127. Presently before this Court is a Motion for Summary Judgment, in which Defendants move this Court to enter an Order finding that Plaintiff has failed to demonstrate material facts supporting an award of damages, and therefore, Plaintiff is not entitled to an award of damages. Doc. No. 210. Plaintiff wholly opposes Defendants' requested relief. Doc. Nos. 213 and 214.

The matter is ripe for disposition. Doc. Nos. 210-215, 224. Defendants' Motion for Partial Summary Judgment (Doc. No. 210) will be DENIED for the following reasons.

## II. Discussion

The sole issue remaining for the upcoming jury trial is the amount of damages, based upon a reasonable royalty. Doc. No. 224, 2. Plaintiff bears the burden of proof in this regard. 35 U.S.C. § 284; *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009); *Devex Corp. v. General Motors Corp.*, 667 F.2d 347, 361 (1981).

1

Defendants move this Court to enter partial summary judgment in their favor pursuant to Federal Rule of Civil Procedure 56. The Court shall grant summary judgment if, drawing all inferences in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Defendants' Motion is premised on Plaintiff's alleged lack of evidentiary support for its damages claim based upon indirect infringement. 35 U.S.C. § 271(b) and (c). Specifically, Defendants posit that a royalty base must be calculated on a specific number of instances of direct infringement, which Plaintiff allegedly cannot demonstrate, because there is no evidence of: (1) the number of users of Parrot Drones; (2) the smartphones or tablet used by user(s) with Parrot Drones; and (3) the extent to which any of these smartphones or tablets are used to operate Parrot Drones. Defendants also note that these categories of information are not included in the expert report provided by Plaintiff.

Plaintiff notes a 2009 case from the United States Court of Appeals for the Federal Circuit to rebut Defendants' claim that Plaintiff must demonstrate specific instances of infringement to be entitled to a reasonable royalty damages award. *Lucent Techs., Inc.*, 580 F.3d at 1334 ("On the other hand, we have never laid down any rigid requirement that damages in all circumstances be limited to specific instances of infringement proven with direct evidence.").

After a review of the documentary record, there is sufficient evidence to support Plaintiff's damages claims to preclude the entry of summary judgment. Plaintiff's expert, Ned S. Barnes, CPA, authored a 44 page report, which provides his estimate as to a damages amount based upon a reasonable royalty, employing the *Georgia-Pacific* factors and available facts and information. Doc. No. 187. This report, and anticipated testimony, which is not "conspicuously

devoid of any data," is sufficient to allow a jury to assess a reasonable royalty damages award. Further, genuine issues of material fact exist that could influence a jury's determination of damages, including the credibility of the Parties' experts. Defendants' arguments as to Plaintiff's "false" and "incorrect" positions demonstrate that an entry of summary judgment is not proper; these arguments are more appropriate for cross-examination of witnesses during trial.

The procedural posture of this case continues to illustrate the combative and deeply entrenched dispute between the Parties, wherein the Court has been repeatedly compelled to referee otherwise basic matters. The determination of damages is the last remaining issue in this unprecedented case and will be given to the jury in the Court's continued effort to effect the just, speedy, and inexpensive determination of this litigation.

### III. Conclusion/Order

AND NOW, this 24th day of March, 2015, IT IS HEREBY ORDERED THAT Defendants' Motion for Summary Judgment (Doc. No. 210) is **DENIED**.

The case will proceed to jury trial, beginning on April 27, 2015, according to the previously ordered schedule. Doc. Nos. 126 and 127.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties