IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DRONE TECHNOLOGIES, INC.,

    Plaintiff,

v.

PARROT S.A., PARROT, INC.,

    Defendants.

14cv0111
**ELECTRONICALLY FILED**

# MEMORANDUM ORDER OF COURT RE: DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING (DOC. NO. 172)

## I. Introduction

Presently before this Court is a Motion to Dismiss for Lack of Standing filed by Defendants, in which Defendants move this Court to dismiss the Complaint and vacate the Order of Default Judgment because of Plaintiff's purported lack of standing. Doc. No. 172. Specifically, Defendants contend that the patents-in-suit are rightfully owned by a non-party Taiwanese company because the technology at issue was invented by the named inventor's husband while he was employed by the company. Defendants previously raised a similar argument in a Motion for Leave to File First Amended Answer and Counterclaims in October 2014 and a Motion for Leave to File Affirmative Defense to Plaintiff's Damages Claims and Request for Equitable Relief Based Upon Unclean Hands in February 2015. Doc. Nos. 97 and 188. Defendants' Motions were denied as moot on November 3, 2014, when this Court entered default judgment against Defendants as to liability, and denied in a March 2, 2015 Memorandum Order, respectively. Plaintiff wholly opposes Defendants' current Motion to Dismiss for Lack of Standing. Doc. No. 217.

The matter is ripe for disposition. After consideration of the relevant filings, Defendants' Motion will be DENIED for the following reasons.

**II. Standard of Review**

Defendants' Motion is filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(7).

*A. Rule 12(b)(1)*

A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges this Court's subject-matter jurisdiction and its power to hear the case. A court may exercise jurisdiction only if a plaintiff has standing to sue on the date it files suit. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359 (Fed. Cir. 2010), quoting *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993). A plaintiff may assert standing in a patent infringement action where the plaintiff demonstrates "that it held enforceable title to the patent at the inception of the lawsuit." *Id.*, quoting *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309-310 (Fed. Cir. 2003).

*B. Rule 12(b)(7)*

Rule 12(b)(7) permits a party to move a court to dismiss a case for failure to join a party under Rule 19, which, in its most basic terms, provides that persons subject to service of process and whose joinder would not deprive the court of subject matter must be joined as a party if: (1) the court cannot accord complete relief amongst the existing parties without the joinder; or (2) the person claims an interest in the matter. Fed.R.Civ.P. 19(a)(1)(A)-(B).

### III. Discussion

Defendants' requested relief is premised on the following allegations:

- Diane Lee is not the sole inventor of the patented inventions;

- Bruce Ding was the inventor or co-inventor of the inventions;

- the inventions of the patents-in-suit were invented while Ding was employed by his former Taiwanese employer;

- the inventions "relate to the actual or anticipated business of [the former employer], or result from, or are suggested by" the work suggested by Ding's work;

- Ding could not transfer ownership to Drone because his former employer is the rightful owner of the patents-in-suit by assignment from Ding; and

- Drone is not the sole owner of the patents-in-suit

The key issue before the Court is whether Drone had standing to sue under Article III of the Constitution at the time Drone filed suit because Lee was the sole inventor and owner, and therefore, she permissibly transferred her patents to Drone. *Paradise*, 315 F.3d at 1308 (Fed.Cir. 2003). If Lee was the sole inventor, then it is not necessary to address the remainder of Defendants' arguments.

Defendants point to the following to demonstrate that Lee is not the sole inventor of the patents-in suit:

- Lee is not an engineer and has not had any meaningful technical training;

- Lee stated during her deposition that she does not understand the technology or disclosures of her patents and she did not write any of her credited inventions;

- Ding is an engineer;

- Ding suggested the use of microchip accelerometers and magnetometers for a remote controller;

- Ding had access to these materials through his employment;

3

- Ding was untruthful about this past employment during depositions; and

- Ding has drafted and filed at least twelve patent applications on Lee's behalf and manages the business of this patent portfolio

Defendants concede that Lee is presumed to be the sole inventor because she is the only inventor named on the face of the patents-in-suit. Doc. No. 172, 15; *See Acromed Corp. v. Sofamor Danek Group, Inc.*, 253 F.3d 1371, 1379 (Fed. Cir. 2001), citing 35 U.S.C. § 282. However, Defendants argue that "there can be no reasonable dispute" that her husband, Ding, was "at the very least" a co-inventor. Doc. No. 173, 16.

Invention within the Courts is founded upon conception, the test for which is "whether the inventor had an idea that was definite and permanent enough that one skilled in the art could understand the invention; the inventor must prove his conception by corroborating evidence, preferably by showing a contemporaneous disclosure." *Burroughs Wellcome Co. v. Barr Lab., Inc.*, 40 F.3d 1223, 1227-28 (Fed. Cir. 1994). The idea should be "specific" and "settled," rather than a "general goal or research plan." *Id.* at 1228, citing *Fiers v. Revel*, 984 F.2d 1164, 1169 (Fed. Cir. 1993); *Amgen Inc. v. Chugai Pharmaceutical Co.*, 927 F.2d 1200, 1206 (Fed. Cir. 1991).

The Court agrees with Plaintiff that Defendants' present arguments are re-styled versions of previously unsuccessful invalidity defenses and perhaps are another attempt to stall the upcoming damages trial, but the Court has evaluated Defendants' standing arguments independently of these prior positions. Defendants' selected portions of the record, some of which are allegations of fraud and lies and are not related to the technologies at issue, do not demonstrate that Ding is at least a co-inventor of the technology at issue, or that his former employer is the rightful owner of the technology. After a review of the applicable documents,

the Court finds that Plaintiff's contention that Lee is the properly named inventor of the patents-in-suit is sufficiently supported by the record. As such, Plaintiff had proper standing at the time the Complaint was filed and continues to be the appropriately named Plaintiff for the upcoming damages trial. Therefore, Defendants' Motion to Dismiss for lack of standing fails and must be denied.

IV. **Conclusion/Order**

AND NOW, this 24th day of March, 2015, IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss for Lack of Standing (Doc. No. 172), including a request for a hearing pursuant to Federal Rule of Civil Procedure 12(i), is **DENIED**.

The case will proceed to jury trial, beginning on April 27, 2015, according to the previously ordered schedule. Doc. Nos. 126 and 127.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties