IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DRONE TECHNOLOGIES, INC.,

    Plaintiff,                 14cv0111
                                  **ELECTRONICALLY FILED**
    v.

PARROT S.A., PARROT, INC.,

    Defendants.

### ORDER OF COURT RE: PARTIES' MOTIONS IN LIMINE
### (DOC. NOS. 236-242, 244, 246, 248, 250, 252, 254, AND 256)

Presently before this Court are Motions in Limine filed by the Parties, in advance of the upcoming jury trial, which is scheduled to begin on April 27, 2015. Doc. Nos. 236-242, 244, 246, 248, 250, 252, 254, and 256. The issues contained within these Motions have been fully briefed and are ripe for disposition. Doc. Nos. 236-241, 243, 245, 247, 249, 251, 253, 255, 257, 264-271, 274-280. After consideration of these matters, the following Order is entered.

AND NOW, this 9th day of April, 2015, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion in Limine Precluding Defendants from Arguing Before the Jury Inventorship, Validity, or Ownership (Doc. No. 236) is **GRANTED**. As noted by both Plaintiff and Defendants, the upcoming jury trial will focus on damages and the amount of any award. Plaintiff moves this Court to preclude Defendants from presenting arguments as to alleged deficiencies in Diane Lee's inventorship or the validity or ownership of the underlying patents. In response, Defendants explicitly state that they do not "intend to argue these legal issues in front of the jury," but move the Court to permit them to cross-examine witnesses on these points so as to challenge the witnesses' credibility. Doc. No. 274, pg. 1. Such cross-examination would not produce any relevant

testimony or evidence because the validity of the underlying patents, including inventorship, has previously been determined and will not be at issue during the damages trial. The Court encourages the Parties to stipulate that inventorship and the validity of the patents have been established to further limit any need for such testimony.

2. Plaintiff's Motion in Limine Precluding Defendants From Presenting Evidence or Arguing Before the Jury Their Allegations of Bruce Ding's Relationship With His Former Employer (Doc. No. 237) is **GRANTED IN PART**. Plaintiff, in this Motion, moves this Court to prohibit Defendants from presenting evidence or argument as to Bruce Ding's relationship with his former employer. The substance of disputed evidence at issue in Plaintiff's Motion is two-fold: (1) Ding's work on remotely-controlled toys while employed by a non-party former employer; and (2) the circumstances of Ding's termination from that employment and Ding's subsequent characterization of that termination.

First, the substance and parameters of Ding's work at his former employer does not tend to make any consequential fact more or less likely to be true because Ding's prior work is not relevant to the current damages claims. As demonstrated by Defendants' previous Motions related to Ding's alleged invention of the patents-in-suit, the proffered disputed evidence has been used to argue that Plaintiff lacks standing and, therefore, Defendants cannot be held liable for infringement. See Doc. Nos. 97, 172, 188, 229. However, these disputes have been resolved by this Court and thus, the evidence is not admissible during this limited damages trial because it is not relevant. Fed.R.Evid. 401-402.

Secondly, Defendants may not inquire into Ding's termination because it also is not relevant. Fed.R.Evid. 401-402. However, if Defendants believe Plaintiff's presentation of evidence makes Ding's alleged untruthfulness in regards to his termination relevant on direct-examination, Defendants may re-raise this issue at side-bar, pursuant to Federal Rule of Evidence 608. The Court notes that it is generally disinclined to admit evidence if it merely suggests that a witness has engaged in dishonest behavior on a separate occasion. However, if Defendants re-raise this issue, the Court will examine whether such cross-examination is proper pursuant to Rule 608 and Rule 403.

3. Plaintiff's Motion in Limine Precluding Defendants from Presenting Evidence or Argument Before the Jury Regarding the *Inter Partes* Review Proceedings Pending Before the Patent Office (Doc. No. 238) is **GRANTED**. Plaintiff moves this Court to bar Defendants from presenting evidence or argument regarding the *inter partes* review proceedings pending before the United States Patent and Trademark Office, or any invalidity arguments based upon prior art, or offering exhibits related to the *inter partes* review. Plaintiff states that this information is not probative of any damages issue and would be confusing to the jury and highly prejudicial to Plaintiff. Defendants argue that the *inter partes* review is relevant to a determination of damages and will be used for "the limited purpose of showing that whatever differences there are between the prior art and the claimed invention, they are not extensive." Doc. No. 275, pg. 2.

As noted by Plaintiff, the calculation of a reasonable royalty is premised on the assumption that the patents are valid and infringed. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009). Defendants previously moved this Court to stay

3

the case pending *inter partes* review, which Defendants noted "is an adversarial proceeding in the United States Patent and Trademark Office ("PTO") through which a party other than the patentee can seek invalidation of patent claims under 35 U.S.C. §§ 102 or 103." Doc. No. 18, pg. 8. The Court finds that introduction of the incomplete *inter partes* review proceedings presents a substantial danger that the evidence would be confusing to the jury and unduly prejudice Plaintiff. Introduction of such evidence or argument would be highly prejudicial to Plaintiff because the jury would be presented with the opportunity to transfer the findings within the *inter partes* review proceedings, which are based upon a more lenient standard than that employed by a District Court or a jury, onto a determination of damages. Further, there is a substantial risk that the jury would be confused by the effect of *inter partes* review proceedings and could potentially credit the findings of the Patent Trial and Appeals Board merely because of the perceived credibility of government agencies over a foreign corporate Plaintiff. This is especially true as the Patent Trial and Appeal Board has granted more than 80% of the requests for *inter partes* review. See Doc. No. 18, pg. 9. Defendants may rebut Plaintiff's contentions of the utility and advantages of the patent property over the old modes or devices (factor 9 of the *Georgia-Pacific* factors) through evidence other than the *inter partes* review, if this becomes relevant during trial.

4. Plaintiff's Motion in Limine Precluding Defendants from Presenting Evidence or Argument Before the Jury Regarding Infringement (Doc. No. 239) is **DENIED AS PREMATURE**. Plaintiff moves this Court to prohibit Defendants from presenting evidence or argument regarding Defendants' "use or non-use of the patented inventions" or the advantages of the patented inventions over prior art because Defendants have

allegedly not produced sufficient discovery in this respect to permit Plaintiff to present argument or evidence to rebut Defendants' contentions. Defendants shall file a document relating which defense exhibits will be used in reference to factors 9 and 11 of the *Georgia-Pacific* factors on or before April 13, 2015. Plaintiff may file a renewed Motion in Limine in this respect, if appropriate, based upon Defendants' identified exhibits.

5. Plaintiff's Motion in Limine Precluding Defendants' Damages Expert from Offering an Opinion on Damages for Infringement Occurring Beyond June 2015 (Doc. No. 240) is **GRANTED WITHOUT OBJECTION**. Plaintiff moves this Court to order that Defendants' damages expert is prohibited from offering an opinion during trial on the subject of damages for infringement occurring beyond June 2015. Defendants do not object to this limitation because they contend that determination of future infringement damages is an issue for the Court to determine after the trial's conclusion. Therefore, Defendants' damages expert is precluded from offering an opinion during trial on the subject of damages for infringement occurring beyond June 2015.

6. Plaintiff's Motion in Limine Precluding Defendants from Offering Exhibits that They Did Not Produce Until After the Court-Imposed Deadline (Doc. No. 241) is **DENIED**. In this Motion, Plaintiff moves this Court to exclude 61 exhibits, which Defendants produced after the Court-ordered February 4, 2015 deadline for production of documents. Defendants have advanced sufficient arguments such that the Court cannot conclude that these exhibits are precluded by the Court's prior Orders. Therefore, Plaintiff's Motion must be denied.

7. Defendants' Motion in Limine Regarding Sanctions (Doc. No. 242) and Motion in Limine Regarding Discovery Motions, Orders, and Events (Doc. No. 244) are

**GRANTED IN PART AND DENIED IN PART**. Defendants move this Court to exclude any statement, evidence, or argument relating to sanctions imposed against them and the underlying procedural posture, pursuant to Federal Rules of Evidence 401, 402, and 403. Defendants further request that the Court impose sanctions against Plaintiff for any violation if the Motions are granted. The Court has endeavored to focus the Parties solely on issues relevant to damages. At this stage, Defendants' actions in this litigation and the case's unprecedented procedural posture are not relevant to Plaintiff's entitlement to damages and introduction of evidence related to Defendants' litigation tactics and the Court's prior Orders would be highly prejudicial to Defendants. Therefore, Defendants' Motion in Limine is granted to the extent that Defendants move this Court to preclude Plaintiff from introducing evidence or argument as to this Court's sanctions or the Parties' previous litigation actions. As with all violations of Court Orders, violation of this Order may subject a Party to sanctions. The Court denies Defendants' Motions to the extent that they move this Court to find that violation of this Order will necessitate sanctions.

8. Defendants' Motion in Limine Regarding any Parrot Product Not Identified in the Complaint as an Accused Product (Doc. No. 246) is **DENIED**. On November 3, 2014, the Court entered default judgment against Defendants "as to liability" based upon their unprecedented refusal to comply with this Court's Orders. Doc. No. 107. In advance of the upcoming damages jury trial, Defendants move this Court to order that Plaintiff may not introduce evidence as to or reference products other than those specifically identified in Plaintiff's Complaint (Minidrones and Bebop) because these other products are not subject to the default judgment and information thereon is irrelevant and, therefore,

inadmissible. Alternatively, Defendants contend that introducing evidence of these products and other confidential Parrot research and development products creates an unfair risk of prejudice. Fed.R.Evid. 403.

The Court has ruled on liability and Defendants' infringement is no longer a viable issue. Defendants' Motion, based upon the Court's previous rulings, is denied based upon the grounds previously and repeatedly set forth by this Court. Further, even assuming that liability was still at issue, Defendant's Motion is denied because Defendants have not demonstrated that the relevance of Defendants' Minidrones and Bebop products is substantially outweighed by any of the factors identified in Federal Rule of Evidence 403.

9. Defendants' Motion in Limine Regarding any Purported Acts of Direct Infringement Not Identified During Discovery and Plaintiff's Royalty Base (Doc. No. 248) is **DENIED**. Defendants move this Court to bar Plaintiff from making any statement or argument or presenting evidence regarding any purported acts of direct infringement not identified during discovery or regarding Plaintiff's royalty base. This issue was previously raised by Defendants in their Motion for Partial Summary Judgment, which the Court denied. Doc. Nos. 210, 228. The Court incorporates its prior reasoning in denying this motion and reiterates that there is sufficient evidence to support Plaintiff's damages claim based upon the current record.

10. Defendants' Motion in Limine Regarding Damages Prior to January 4, 2013 (Doc. No. 250) is **DENIED**. Defendants move this Court to preclude any statement, evidence, or argument relating to damages based on sales or other information prior to January 4, 2013 and preclude Plaintiff's expert Ned Barnes because he identified an "incorrect" date

of first infringement. Defendants contend that January 4, 2013, is the date Defendants first learned of the patents-in-suit and, therefore, this is the date of first infringement. Barnes, Plaintiff's expert, calculated damages beginning on January 31, 2012, the date that the '748 patent-in-suit issued. Doc. No. 186, pg. 4. As noted by Plaintiff, Defendants' expert, John C. Jarosz, also uses January 31, 2012, as the date of first infringement. Doc. Nos. 197, 199. On April 7, 2015, Defendants filed a separate Motion seeking leave to file a supplemental damages report, in which Jarosz will "correct" his "mistaken assumption" and revise his calculations using January 4, 2013 as the starting date. Doc. No. 282. Defendants have not presented sufficient support for their requested relief, which would disturb the initial consensus from the Parties that infringement began on January 31, 2012. There is also no reason to find that the evidence is inadmissible or to exclude such evidence based upon Federal Rules of Evidence 401, 402, or 403 or 702.

11. Defendants' Motion in Limine Regarding a Confidential Parrot and Subsidiary Agreement (Doc. No. 252) is **DENIED**. In this Motion, Defendants move the Court to exclude all argument or evidence, including expert testimony, as to a confidential license agreement between Parrot S.A. and a non-party wholly-owned subsidiary because the licenses are not sufficiently comparable to the patents-in-suit so as to be relied upon for the purposes of the hypothetical negotiation. After review of the objected-to information, the Court finds that the information is relevant to the jury's determination of damages and its relevance is not substantially outweighed by the risk of any factor identified in Federal Rule of Evidence 403. Fed.R. Evid. 401-403.

12. Defendants' Motion in Limine Regarding Parrot's Patented Products and/or Patent Marking (Doc. No. 254) is **GRANTED**. Defendants' Motion is based upon Plaintiff's

Counsel's questioning of Defendants' technical expert and anticipated similar questions during trial as to a January 2012 press release. In this release, Defendants' AR.Drone.2.0 was described as "patented," even though a patent had not been issued for the product. In this Motion, Defendants seek an Order precluding Plaintiff from introducing any evidence or making reference to Defendants' advertisement of products being patented prior to a patent having issued and/or Defendants' patent marketing practices, pursuant to Federal Rules of Evidence 401-403. Defendants' contend that the evidence is not admissible at trial because such information is allegedly both irrelevant and if relevant, the relevance is substantially outweighed by undue prejudice and should be excluded.

The Court finds that Defendants' false inclusion of the term "patented" as to the AR.Drone 2.0 is relevant because it has a tendency to make a fact more or less probable than it would be without the evidence (*i.e.* that Defendants' knew the importance and value of the technology at issue). Fed.R.Evid. 401. However, the relevance of this evidence is substantially outweighed by the risk of unfair prejudice to Defendants and the risk that the jury will confuse the issues. Fed.R.Evid. 403. Presentation of this evidence is not key to Plaintiff's claim for damages because Plaintiff can demonstrate Defendants' perceived value in the technology in other manners (including a redacted version of the press release). However, if evidence is introduced that Defendants falsely touted a product as patented, such evidence would potentially cause the jury to become unmovably prejudiced against Defendants. Therefore, the limited relevance of the disputed evidence is outweighed by unfair prejudice and risk of confusion and the evidence shall be excluded pursuant to Federal Rule of Evidence 403.

13. Defendants' Motion in Limine Regarding Settlement Discussions with "Diane Lee" (Doc. No. 256) is **DENIED**. Defendants move this Court to exclude any reference to Defendants' "settlement" negotiations with the patent's inventor, Diane Lee, in March and April of 2013, pursuant to Federal Rules of Evidence 408(a) and 401-403. The negotiations at issue occurred pursuant to Apple's conflict resolution policy after Apple removed Defendants' application from the iTunes store because Diane Lee accused Defendants of infringing her patents. The Court agrees with Plaintiff and finds that the negotiations between Defendants and Lee in 2013 are more akin to licensing negotiations than settlement discussions because there was no "disputed claims" as defined in Rule 408 and the Plaintiff corporation did not exist at the time of these interactions. While mindful of the need to encourage settlement as a public policy by protecting the confidentiality of such negotiations, in this case, Defendants' positions when negotiating with Lee are relevant to Plaintiff's damages claims and the relevance of this evidence is not substantially outweighed by the risk of any factor identified in Federal Rule of Evidence 403.

14. The trial will proceed in accordance with these rulings.

                                                        s/ Arthur J. Schwab
                                                        Arthur J. Schwab
                                                        United States District Judge

cc:      All Registered ECF Counsel and Parties