IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DRONE TECHNOLOGIES, INC.,

      Plaintiff,                    14cv0111
                                      **ELECTRONICALLY FILED**

      v.

PARROT S.A., PARROT, INC.,

      Defendants.

## ORDER OF COURT RE: OBJECTIONS TO AUTHENTICITY AND/OR ADMISSIBILITY CONTAINED WITHIN JOINT EXHIBIT LIST CHART (DOC. NO. 301)

Presently before this Court are evidentiary objections, pursuant to the Federal Rules of Evidence, which are contained within a Joint Exhibit List Chart. Doc. No. 301. The Court has been provided with copies of the exhibits, enabling the Court to rule on the Parties' objections.

AND NOW, this 20th day of April, 2015, IT IS HEREBY ORDERED THAT:

1. Defendants' objections to the following Plaintiff's exhibits are **SUSTAINED**:

    A. P-19-P-20; and

    B. P-6, P6-1-P6-10 (Plaintiff may use these exhibits with the expert witness to refresh his recollection and may use P6-3-P6-10 for demonstrative purposes).

2. Defendants' objections to the following Plaintiff's exhibits are **OVERRULED**:

    A. P-4, P-5;

    B. P-21-P-23; and

    C. P-27-P-30, P-32-P-35, P-38-P-45, P-47, P-51, P-55, P-57-P-58, P-60-P-61, P-78, P-94-P-97, P-107, P-112, P-115, P-117-P-118, P-120, P-124-P-128.

3. Plaintiff's objections to the following Defendants' exhibits are **SUSTAINED**:

   A. D-1-D-15 (Defendants may use these exhibits with the expert witness to refresh his recollection and may use D-5-D-15 for demonstrative purposes);

   B. D-104-D-108 (based upon the Court's prior ruling that Defendants are precluded from presenting evidence or argument related to the *inter partes* review, Doc. No. 287, ¶ 3. However, Defendants may present these documents if they are sufficiently redacted or presented in a way such that the jury will not be aware of the *inter partes* review);

   C. D-111 (these is not relevant to any damages issue and would not be a proper line of cross-examination); and

   D. D-117-D-121, D-123-D-133 (See Doc. No. 287, ¶ 2 " . . . if Defendants believe Plaintiff's presentation of evidence makes Ding's alleged untruthfulness in regards to his termination relevant on direct-examination, Defendants may re-raise this issue at side-bar, pursuant to Federal Rule of Evidence 608. . . .[t]he Court will examine whether such cross-examination is proper pursuant to Rule 608 and Rule 403").

4. Plaintiff's objections to the following Defendants' exhibits are **OVERRULED**:

   A. D-35, D-41, D-53, D-61, D-70-D-74 (to the extent Defendants use these documents to establish certain *Georgia-Pacific* factors or rebut Plaintiff's contentions in these regards);

   B. D-45, D-54, D-56-D-58;

   C. D-46, D-55;

D. D-62, D-112-D116, D-122 (as previously ordered, Defendants may not use these documents to set forth the substance or parameters of Ding's work at his former employer or reference the circumstances of his termination. Defendants' use of these documents is strictly confined to *Georgia-Pacific* factor 9. To the extent these documents reference Ding's termination, Defendants shall redact these documents prior to presenting them to the jury. Plaintiff may orally lodge an objection if Defendants' use of these documents exceeds these limited grounds);

E. D-76;

F. D-80-D-81;

G. D-83-D-93;

H. D-94-D-103, D-110 (to the extent that Defendants use these documents to establish the identified *Georgia-Pacific* factors. Defendants may not use these exhibits in any attempt to question the validity of Plaintiff's patents or their infringement of the patents); and

I. D-138-D-145 (without objection; Plaintiff may re-raise any objection should it become relevant).

5. Plaintiff's Renewed Motion in Limine (Doc. No. 300) is GRANTED to the extent that the requested relief is consistent with this Order and DENIED to the extent the requested relief is inconsistent with the preceding rulings.

6. The trial, scheduled to commence on April 27, 2015, will proceed in accordance with these evidentiary rulings. All witnesses and counsel shall limit their testimony and

presentation of evidence related to the jury's calculation of a damages award, consistent with this and prior Orders of Court.

        s/ Arthur J. Schwab
        Arthur J. Schwab
        United States District Judge

cc:    All Registered ECF Counsel and Parties