IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DRONE TECHNOLOGIES, INC.,

    Plaintiff,                           14cv0111

                                          **ELECTRONICALLY FILED**

    v.

PARROT S.A., PARROT, INC.,

    Defendants.

## ORDER OF COURT RE: DEFENDANTS' OBJECTIONS TO JURY VERDICT FORM RE: DAMAGES (DOC. NO. 317)

On April 6, 2015, the Parties filed separate Proposed Verdict Forms, per the Court's Pretrial Order. Doc. Nos. 261-262. On April 9, 2015, based upon the Parties' submissions and the Court's review of the record, the Court filed a Draft Jury Verdict Form as to Damages. Doc. No. 289. This draft document included separate questions as to each of Plaintiff's infringed patents and a blank line for the jury to complete as to the "reasonable royalty rate" and "total damages" for each patent. Id. The Court invited the Parties to file any objections to this draft; both Plaintiff and Defendants subsequently objected to the Draft Verdict Form. Doc. No. 294-295. Based upon the Parties' agreement, the Court updated the Draft Verdict Form by removing the line for a determination of a "reasonable royalty rate." Doc. Nos. 294-295, 298. In the updated Final Verdict Form, the Court also condensed the jury's determination of damages to a single question. Doc. No. 298 ("What is the total amount of damages due to Plaintiff with respect to its infringed US Patents 7,584,071 ("the '071 patent") and 8,106,748 ("the '748 patent")?").

On April 16, 2015, during the Preliminary Pretrial Conference, the Court discussed the Final Verdict Form in depth with Counsel. Following the Conference, the Court filed a revised Jury Verdict Form, which reads as follows:

1. What is the total amount of damages due to Plaintiff with respect to its infringed US Patents 7,584,071 ("the '071 patent") and 8,106,748 ("the '748 patent") from January 31, 2012 through June 30, 2015?

    Total Damages: $_____

2. What is the total amount of damages due to Plaintiff with respect to its infringed US Patents (the '071 patent and the '748 patent) from July 1, 2015 through the expiration of the patents ('071 patent-March 2028; '748 patent-November 2030)?

    Total Damages: $_____

Doc. No. 309. The Court invited the Parties to file any objections "to issues not previously ruled upon by the Court during the conference or in previous Orders" on or before April 20, 2015, at NOON. Id. Defendants object to the Jury Verdict Form in three respects and move this Court to: (1) remove the question (#2) addressing future damages; (2) separate the question as to past damages (#1) so that the jury awards separate damages for each patent; and (3) remove the date "January 31, 2012" for the Verdict Form. Doc. No. 317. Plaintiff did not file any objections to the Jury Verdict Form re: Damages, but has filed a "Pretrial Memorandum," in which Plaintiff addresses the company's position that the Jury Verdict Form as filed reflects an appropriate determination of damages. Doc. No. 319. Defendants have filed a brief in response to Plaintiff's Memorandum. Doc. No. 321.

First, the Parties agree that a reasonable royalty, not lost profits, is the appropriate measure of damages in this case. Doc. No. 199, pg. 19. A reasonable royalty can be calculated

in various manners, based upon the factors enumerated in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 446 F.2d 295 (2d Cir. 1971). Plaintiff's expert sets forth that in his opinion, $7.5 million is an appropriate damages award for sales from date of first infringement through June 2015 (based upon reasonable royalty rates of $16/unit for the AR. Drone and Bebop and $6/unit for MiniDrone products) and $17.3 million is an appropriate lump sum payment for the unlimited use of Plaintiff's patents from June 2015 through the patents' expiration. Defendants' expert calculates reasonable damages from date of first infringement through June 2015 as a lump sum payment of at most $400,000 based upon his calculation of the cost of a license (based upon $0.50 per unit, for a total of $647,670) less qualitative factors that he contends suggest a downward pressure on the royalty.[1] Doc. No. 199. As noted, Plaintiff's expert witness sets forth a damages theory based upon separate calculations as to both past and future infringement; arguably a segmented lump sum payment. In essence, although the expert witnesses arrive at their damages estimates in different manners, both experts calculate an award that could be construed as a lump sum payment to Plaintiff for Defendants' infringement. After the close of evidence, the jury will be instructed how to weigh expert testimony and the various methods they may employ to calculate damages, based upon a reasonable royalty.

The Court must first address whether future damages can or should be submitted to the jury. Defendants contend that a jury determination of future damages is inappropriate because future damages are an equitable determination for the Court and any award would be speculative.

A review of the record reveals that Plaintiff's expert has set forth sufficient support such that the Court will permit testimony as to a determination of damages for future infringement

---

[1] The Court granted Defendants permission to supplement their damages expert report, to address future damages, during the Preliminary Pretrial Conference, which was filed on April 21, 2015. Doc. Nos. 313 and 322.

during trial. As such, the jury will hear presentation of the Parties' experts and their contradictory damages calculations as to both past and future damages. To eliminate confusion amongst the jury wherein they would receive evidence that was segmented between past and future damages, but then only complete a single question as to damages, the Court has included separate lines on the Verdict Form for both past and future infringement. As Defendants have conceded, the Court may utilize the jury for an advisory opinion on the determination of damages for future infringement. Separate questions for both past and future damages protect Defendants and alleviate their concern that future damages are an issue for the Court because the Verdict Form will clearly reflect the jury's determination of damages up to June 2015 and then clearly reflect the award for future damages through the date of the expiration of the patents. As the Court noted during the Preliminary Pretrial Conference, the Court could not take the jury's determination of future infringement as advisory if the sole jury interrogatory was the total amount of damages, without differentiation between past and future damages. Doc. No. 313, pg. 34 ("Well, I can't take it as advisory if I have only one number.").

Defendants will not be prejudiced if a determination of future damages is submitted to the jury because the calculation of past and future damages are distinct. As noted by the expert witnesses, the award for past and/or future damages is driven, in large part, by the number of sales during distinct time periods (future damages: July 1, 2015 through the expiration of the patents). As such, any sales the jury credits for a calculation of future damages will not affect the determination of a damages award for infringement through June 30, 2015 (the end date for the period of past infringement). Therefore, because there is sufficient evidence to support the Parties' positions as to a calculation of future infringement and Defendants will not be prejudiced by presentation of this evidence, the Court will submit the issues of future damages to the jury.

The Court has previously ruled, as a matter of law, that January 31, 2012 is the date of first infringement, which has been included in the Final Jury Instructions as the date of the hypothetical negotiation. Doc. No. 293, pg. 2. The Court has also previously ruled that the jury's damages calculations should not be parsed as to the two infringed patents in order to prevent jury confusion and to streamline the presentation of evidence. Doc. No. 298. To the extent that Defendants' objections to the inclusion of January 30, 2012 on the Jury Verdict Form and the inclusion of a single question as to both patents is a motion for this Court to reconsider these prior rulings, this requested relief is denied.

AND NOW, this 22nd day of April, 2015, IT IS HEREBY ORDERED THAT Defendants' Objections to Jury Verdict Form re: Damages (Doc. No. 317) are **OVERRULED**. The Verdict Form, as filed at Doc. No. 309, will be utilized by the jury to determine the damages due to Plaintiff for Defendants' infringement.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties