IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DRONE TECHNOLOGIES, INC.,

      Plaintiff,              14cv0111
                                     **ELECTRONICALLY FILED**

        v.

PARROT S.A., PARROT, INC.,

      Defendants.


## MEMORANDUM ORDER OF COURT RE: DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL (DOC. NO. 431)

### I. Introduction

The only issue presented during the recent three-day jury trial was the amount of damages, if any, due to Plaintiff for Defendants' infringement.[1]  After deliberating for approximately seven (7) hours over two (2) days, a jury determined that Plaintiff was due $3,783,950 for damages from January 31, 2012 through June 30, 2015 ("past damages") and $4,016,050 for damages from July 1, 2015 through expiration of the patents (7,584,071 patent-March 2028; 8,106,748 patent-November 2030) ("future damages"), for a total of $7.8 million.[2]  Doc. No. 371.  Defendants now move this Court to enter judgment in their favor and against Plaintiff or, in the alternative, to order a new trial on damages.  Doc. No. 431.  In essence, Defendants contend that the jury's verdict is unsupported by the evidence.  Id.  Defendants also

---

[1] The Parties are familiar with this case's substantive and procedural posture, which has been set forth by the Court in several previous Opinions, including, the most recently filed Memorandum Opinion Re: Post-Trial Damages Motions.  Doc. No. 403.  Therefore, this Memorandum Order will solely focus on the facts necessary to determine whether Defendants' present requested relief should be granted.

[2] The difference between the Parties' requested damages was approximately $24 million.  Ned Barnes testified for Plaintiff that total damages due for Defendants' infringement was $24.8 million, while John Jarosz opined for Defendants that a lump sum payment of $680,000 was the highest appropriate sum.  Doc. Nos. 187 and 344.

argue that they were improperly inhibited from presenting certain evidence or conducting specific lines of inquiry, which entitles them to a new trial. Id. Plaintiff wholly opposes Defendants' requested relief. Doc. No. 433. Defendants' Motion is fully briefed and ready for disposition. Doc. Nos. 431-433, 435. Because Defendants have not met their heavy burden to demonstrate that there is no legally sufficient evidentiary basis for the jury's verdict or that a new trial is warranted based upon the weight of evidence or an error made during trial, the present Motion will be denied.

**II. Standard of Review**

*A. Renewed Motion for Judgment as a Matter of Law-Fed.R.Civ.P. 50*

In ruling on a renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50, a court must determine if there is a "legally sufficient evidentiary basis for a reasonable juror" to find for the non-moving party. *Weisgram v. Marley Co, 528 U.S.* 440, 454 (2000). Although judgment as a matter of law should be granted sparingly, it will be granted "if the record is critically deficient of the minimum quantum of evidence from which the jury might reasonably afford relief." *Gomez v. Allegheny Health Services, Inc.,* 71 F.3d 1079, 1083 (3d Cir. 1995) (citing *Smollet v. Skayting Dev. Corp.,* 793 F.2d 547, 548 (3d Cir. 1986)). *See also Eshelman v. Agere Systems, Inc.*, 554 F.3d 426, 433 (3d Cir. 2009).

A motion for judgment as a matter of law should be "granted only if, viewing the evidence in the light most favorable to the non-movant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury could reasonably find" in favor of the non-moving party. *Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153, 1166 (3d Cir. 1993). *See also Marra v. Philadelphia Housing Authority,* 497 F.3d 286, 300 (3d Cir.

2007). In making this determination, the court may not reweigh the evidence or determine the credibility of the witnesses, and cannot substitute its version of the facts for that of the jury. *Id.*

B. *Motion for a New Trial-Fed.R.Civ.P.59*

A party is entitled to a new trial pursuant to Federal Rule of Civil Procedure 59 in circumstances "where a miscarriage of justice would result if the verdict were to stand." *Olefins Trading, Inc. v. Han Yang Chem Corp.,* 9 F.3d 282, 289 (3d Cir. 1993) (citing *Fineman v. Armstrong World Indus., Inc.,* 980 F.2d 171, 211 (3d Cir. 1992) (internal quotations omitted)). The party may seek the relief of a new trial where the verdict is against the weight of evidence, the determined damages are excessive, or the trial court committed a substantial error in the instructions to the jury or the admission or rejection of evidence. *Moussa v. Commonwealth of Pennsylvania Dep't of Pub. Welfare,* 289 F.Supp.2d 639, 648 (W.D. Pa. 2003). *See also Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251 (1940).

When a party moves for a new trial on the basis that the verdict is against the weight of evidence, a court is limited in its discretion to grant a new trial only when the jury's verdict would result in a miscarriage of justice. *Williamson v. Consolidated Rail Corp.,* 926 F.2d 1344, 1352 (3d Cir. 1991) (citing *EEOC v. Delaware Dep't of Health & Social Servs.,* 865 F.2d 1408, 1413 (3d Cir. 1989). This limited discretion protects the jury system and "seeks to ensure that a district court does not substitute its 'judgment of the facts and the credibility of witnesses for that of the jury.'" *Fineman v. Armstrong World Industries, Inc.,* 980 F.2d 171, 211 (3d Cir. 1992) (quoting *Lind v. Schenley Indus. Inc.,* 278 F.2d 79, 90 (3d Cir. 1960).

### III. Discussion

As noted by the Court in its Memorandum Order re: Defendants' Motion for Partial Summary Judgment, this case presents a "combative and deeply entrenched dispute between the

Parties." Doc. No. 228, pg. 3. This dispute is premised both on a breakdown in the litigation relationship between the Parties as well as competing documentary and testimonial evidence. The Court has previously recognized the existence of supporting evidence for Plaintiff's damages claim, which precluded any decision by the Court on the proper amount of damages owed to Plaintiff for Defendants' infringement. See Order of Court re: Parties' Motions in Limine, Doc. No. 287, pg. 7 ("The Court incorporates its prior reasoning in denying this motion and reiterates that there is sufficient evidence to support Plaintiff's damages claim based upon the current record."). During trial, which focused solely on a determination of damages within the perimeters established by the Court in its entry of default judgment, the jury was "faced with such diametrically opposed evidence in terms of the Parties' damages estimates" and "necessarily had to undertake numerous credibility determinations in arriving at a unanimous verdict." Memorandum Order of Court re: Post-Trial Damages Motions, Doc. No. 403, pg. 7.

Both Plaintiff and Defendants moved the Court to enter judgment in their favors following the conclusion of the respective presentation of evidence. Doc. Nos. 352-353. Defendants first moved for Judgment as a Matter of Law at the conclusion of Plaintiff's case-in-chief. This oral motion was denied by the Court because the grounds raised were "issues for the jury to decide and weigh the evidence." Doc. No. 358, pg. 241. At the conclusion of Defendants' case, Plaintiff moved the Court to enter judgment in its favor and Defendants renewed their Motion for Judgment as a Matter of Law. Doc. No. 357, pgs. 260-262. The Court denied both of these Motions based upon the finding that "the jury could reasonably return a verdict of damages in the amount requested by either side . . . [and] [a]s instructed by the Court, the jury could also return a verdict in an amount other than the amounts set forth by the Parties'

respective experts[] [and] [t]he evidence presented supports any of these three possible verdicts . . . ."  Doc. No. 359.

After extended deliberations, which included several questions for the Court, the jury returned a verdict in an amount between those requested by the Parties.  Doc. No. 371.  This verdict "was based upon the application of *Georgia-Pacific* factors and the presentation of testimony and documentary evidence, which allowed the lay jury members to employ the necessary tools to finally resolve the Parties' business dispute."  Doc. No. 403, pg. 8.

Defendants now contend that there is no legally sufficient basis for the jury's verdict because: (1) Plaintiff did not demonstrate any direct infringement or a causal connection to prove a royalty base;  (2) the royalty base included non-infringing products that were not included in the Complaint and products sold before the patents were issued; (3) Plaintiff did not satisfy the Entire Market Value Rule ("EMVR"); (4) the damages award is based on an insufficiently comparable licensing agreement; and (5) future infringement damages were based on speculative evidence.  Doc. No. 432.   The Court must review these evidence related to these grounds in the light most favorable to Plaintiff.  *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011).

Many of Defendants' arguments in support of the Motion for Judgment as a Matter of Law have previously been rejected by this Court, notably in the following Memorandum Opinions and related Orders:

- Memorandum Order of Court Denying Defendants' Motion for Leave to File Affirmative Defense to Plaintiff's Damages Claim and Request for Equitable Relief Based Upon Unclean Hands (Doc. No. 209);
- Memorandum Order of Court Denying Defendants' Motion for Partial Summary Judgment (Doc. No. 228);
- Memorandum Order of Court Denying Defendants' Motion to Dismiss for Lack of Standing (Doc. No. 229);
- Memorandum Order of Court Re: Parties' Motions in Limine (Doc. No. 287); and

- Memorandum Opinion Re: Post-Trial Damages Motions (Doc. No. 403)

The remaining grounds advanced by Defendants assail previous pre-trial rulings by the Court and/or improperly challenge the weight the jury apparently gave to the evidence presented at trial. Defendants have failed to meet their heavy burden to demonstrate that the jury could not have reasonably returned a verdict of $7.8 million because the trial record is replete with evidence that supports the jury's balanced and independent verdict, which "did not wholly conform to either Plaintiff's or Defendants' request for damages." Doc. No. 403, pg. 8. Therefore, Defendants' Renewed Motion for Judgment as a Matter of Law must be denied.

Defendants also alternatively argue that they are entitled to a new trial because they were unable to fully present evidence as to certain *Georgia-Pacific* factors, damages were based upon speculative evidence with no legal relevance, and future damages were improperly submitted to the jury which was inhibited from differentiating between any damages for the patents-at-issue on the Verdict Form. Defendants further argue that Plaintiff is not entitled to any damages because it has not proven that it is the true patent holder. Doc. No. 403. As previously noted, the jury was presented with relevant evidence by the Parties to support their vastly different requested damages awards. The presentation of evidence and witness examination was only limited by the Court by the entry of default judgment and previous rulings, including those on Motions in Limine. Defendants have not advanced sufficient grounds for the Court to disturb its previous rulings or order a new trial based upon any alleged error during trial because the Court finds that no error was made. Further, the jury's verdict comports with the weight of the evidence presented and permitting this verdict to stand would not result in a miscarriage of justice. Therefore, Defendants' alternative Motion for a New Trial must be denied.

**IV. Order**

AND NOW, this 16th day of July, 2015, IT IS HEREBY ORDERED THAT Defendants'

Motion for Judgment as a Matter of Law or, in the alternative, Motion for a New Trial (Doc. No.

431) is **DENIED**.  As the only remaining issue in this matter is the determination of the amount

of attorneys' fees and expenses to be awarded to Plaintiff, the Clerk of Court shall mark this

**CASE CLOSED**.


<u>s/ Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge


cc:      All Registered ECF Counsel and Parties