IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DRONE TECHNOLOGIES, INC.,

    Plaintiff,                         14cv0111
                                                           **ELECTRONICALLY FILED**
    v.

PARROT S.A., PARROT, INC.,

    Defendants.

## ORDER OF COURT RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND MOTION FOR ATTORNEYS' FEES UNDER RULE 37 AND REPORT AND RECOMMENDATION OF THE SPECIAL MASTER THEREON (DOC. NOS. 415, 416, AND 438)

The sole remaining issue for this Court in this case is a determination of the amount of the award of attorneys' fees to Plaintiff, which this Court found was appropriate, pursuant to 35 U.S.C. § 285, because of the exceptional nature of the case, as well as pursuant to Federal Rule of Civil Procedure 37, because of Defendants' non-compliance with this Court's Orders. Doc. Nos. 403-404. Pursuant to scheduling Orders, Plaintiff has filed two Motions, in which Plaintiff moves this Court to grant its Petition for Attorneys' Fees and expenses pursuant to 35 U.S.C. § 285 in the total amount of $1,702,562.64 ($1,595,097.00 for attorneys' fees; $107,465.63 for expenses), plus interest at 6%, compounded quarterly, and to separately order, pursuant to Federal Rule of Civil Procedure 37, that Defendants pay Plaintiff $174,702.00 for Defendants' non-compliance with this Court's Orders. Doc. Nos. 415-416. Defendants contest the amount of hours claimed by Plaintiff, as well as the associated hourly rates. Doc. Nos. 429-430.

The Court referred these matters to Special Master David White (who was previously appointed to serve as a Special Master as to a privilege dispute in this litigation) because of the fractious relationship between the Parties and the time and resources necessary to examine Plaintiff's submitted hours and the corresponding billing rates. Doc. Nos. 189, 404. On July 21,

2015, Special Master White filed a 22-page Report and Recommendation. Doc. No. 438. In this Report, the Special Master details the background of the case relating to Plaintiff's request for attorneys' fees and expenses, the applicable law, including the methodology of calculation using the Hybrid Lodestar Approach, an evaluation of the reasonableness of the billable rate of the requested hours, the number of hours, and associated expenses, and an analysis of the Rule 37 Petition. Doc. No. 438. Ultimately, Special Master White recommends that the Court award $1,686,290.14 to Plaintiff as a reasonable amount of attorneys' fees and costs ($1,578,824.50 for attorneys' fees; $107,465.64 for expenses as requested by Plaintiff) pursuant to the Section 285 Petition, and there be no award of attorneys' fees pursuant to the Rule 37 Petition, so that there is no risk of double recovery of fees. Doc. No. 438. Special Master White's recommendation as to the Section 285 Petition is $16,272.49 less than Plaintiff's initial request, which reflects his recommendation that Plaintiff's hours for time relating to litigation in California and pertaining to *Inter Partes* Review be reduced by 42.05 hours. Doc. No. 438, pgs. 18-19. Pursuant to Federal Rule of Civil Procedure 53, the Parties were provided with an opportunity to object to the Report and Recommendation. Doc. No. 439.

Plaintiff's sole response to the Special Master's Report and Recommendation is a request that this Court's Order delineate between awards pursuant to Section 285 and Rule 37 and order that the amount of the Rule 37 award be deducted from the Section 285 award, thereby preventing any risk of double recovery to Plaintiff, but enabling distinct appellate review of these matters. Doc. No. 440.

Defendants object to the Special Master's Report and Recommendation and contend that "to the extent fees are awarded at all," the recommended award improperly includes hours that are unrelated to the case's determination, and the hourly rate assessed is unreasonable. Doc. No.

2

441. Defendants request a hearing, pursuant to Federal Rule of Civil Procedure 53(f)(1), in order to be heard on these issues. Id. The issues raised by Defendants have been ably addressed in detail by the Special Master and aptly briefed in the Parties' objections to the Report and Recommendation. Defendants' request for a hearing is denied because the Court is able to decide the disputed matters on the current record. *See Sandvik Intellectual Property AB v. Kennametal Inc.*, 2013 WL 141193, at * 1 (W.D. Pa. Jan. 11, 2013) (McVerry, J.) (cited by Defendants, Doc. No. 441, FN 1).

After personally reviewing Plaintiff's Petitions and underlying documents, the Parties' briefs and objections, and the Special Master's Report and Recommendation, an exercise with which this Court is intimately familiar and well-experienced from more than a decade on the Federal bench (including serving as a Patent Pilot Judge) and over 30 years of litigation practice (including serving as Deputy Head of Litigation, Chair of Litigation, and Chief Counsel-Complex Litigation of two regional/national law firms), the Court finds that the hourly rates requested are reasonable and reflective of the market rates for patent litigators in Pittsburgh, and the number of hours requested are reasonable, especially in light of the Court's intimate knowledge of the unprecedented nature of this litigation over a period of 18 months, in which the entire proceeding was impeded and unduly complicated by Defendants' exceptional conduct. Therefore, the following Order is entered:

AND NOW, this 28th day of July, 2015, IT IS HEREBY ORDERED THAT:

1. Special Master White's Report and Recommendation (Doc. No. 438) is **ADOPTED** as the Opinion of this Court with the clarification that once an award for Rule 37 fees has been paid, the amount should be deducted from the total amount due under Section 285 to prevent double recovery by Plaintiff;

2. Plaintiff's Objection to the Special Master's Report and Recommendation (Doc. No. 438) is **GRANTED**;

3. Defendants' Objections to the Report and Recommendation of Special Master on Attorneys' Fees and Expenses are **OVERRULED** (Doc. No. 441);

4. Plaintiff's Motion for Attorneys' Fees (Petition for Attorneys' Fees Under Rule 37) (Doc. No. 416) is **GRANTED**;

5. Defendants are ordered to pay Plaintiff's fees under Rule 37 **in the amount of $173,013.00**[1];

6. Plaintiff's Motion for Attorneys' Fees (Petition for Attorneys' Fees) (Doc. No. 415) is **GRANTED IN PART AND DENIED IN PART**;

7. Defendants are ordered to pay Plaintiff's reasonable attorneys' fees and related non-taxable expenses, under 35 U.S.C. § 285, in the **total amount of $1,686,290.14**, plus interest at 6%, compounded quarterly. Once paid, the amount of fees due under Rule 37 should be deducted from this total so as to prevent double recovery by Plaintiff (*i.e.*, $1,686,290.14 less $173,013.00); and

8. This case remains **CLOSED**.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties

---

[1] Plaintiff reduced the amount of fees requested pursuant to Federal Rule of Civil Procedure 37 based upon the adjustments to the fees requested under 35 U.S.C. § 285 contained in the Special Master's Report and Recommendation. Doc. No. 440, FN 1.